1

2

3

4

5

6

7                                UNITED STATES DISTRICT COURT

8                              NORTHERN DISTRICT OF CALIFORNIA

9

10   SECRETARY OF VETERANS AFFAIRS,          Case No.  22-mc-80302-RS
     AN OFFICER OF THE UNITED STATES,
11   SUCCESSORS AND ASSIGNS AT THE
     DEPARTMENT OF VETERANS
12   AFFAIRS, LOAN GUARANTY SERVICE,         **ORDER DENYING LEAVE TO FILE**
     3401 EST END AVENUE, STE 760W,
13   NASHVILLE, TN 37203,,

14                 Plaintiff,

15          v.

16   TANYA STUTSON, et al.,

17                 Defendants.

18          Kevin Woodruff, who also goes by other names, including Wanag Tahatan-Bey, has been

19   deemed a "vexatious litigant" by this court, *see* Order Declaring Plaintiff a Vexatious Litigant,

20   *Kevin-Paul Woodruff v. Mason McDuffie Mortgage Corporation, et al.*, No. 22-cv-3124 WHO,

21   Dkt. No. 32 (N.D. Cal. September 12, 2022). On his own behalf and on behalf of his state court

22   co-defendant Tanya Stutson, Woodruff has requested permission to file a Notice of Removal of an

23   unlawful detainer proceeding relating to the same real property that was in issue in all of the prior

24   cases underlying and culminating in the vexatious litigant finding.

25          On their face, the pre-filing review requirements articulated in the vexatious litigant order

26   do not strictly or literally apply to the proposed Notice of Removal. The claims Woodruff is

27   attempting to pursue in this forum by effecting a removal, however, plainly fall with in the spirit

28   of the vexatious litigant order and represent litigation the pre-filing review requirements was

United States District Court
Northern District of California

intended to foreclose.

Moreover, regardless of whether the prior order is strictly applicable here or not, permitting filing of the Notice of Removal would be an idle act, as the action would be subject to immediate remand for lack of jurisdiction. An unlawful detainer complaint raises no federal questions, and the fact that defendants may wish to assert defenses they believe implicate federal law is insufficient to create federal question-based removal jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (observing it is "settled law that a case may not be removed to federal court on the basis of a federal defense . . . ."). Diversity jurisdiction is unavailable because, even assuming complete diversity among the parties and satisfaction of the amount in controversy requirement, a resident of the state in which the action is brought is not entitled to removal. *See* 28 USC 1441(b).

Accordingly, permission to file the Notice of Removal is denied. The Clerk shall close this file.

**IT IS SO ORDERED**.

Dated: November 8, 2022

_____
RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California

CASE NO. 22-mc-80302-RS